# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                                           Criminal No. 05-388(1) (DWF/RLE)

           Plaintiff,

v.                                                        **ORDER AND MEMORANDUM**

Randall Gene Whitefeather,

           Defendant.

---

Tracy T. Braun, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

James E. Ostgard, II, Ostgard Law Office, counsel for Defendant.

---

This matter is before the Court upon Defendant's objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated January 17, 2006, recommending that: (1) the Defendant's Motion to Exclude Statements and Confessions be denied; and (2) the Defendant's Motion to Suppress Evidence Obtained by Search and Seizure be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.  Defendant Randall Gene Whitefeather's objections (Doc. No. 36) to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated January 17, 2006, are **DENIED**.

2.  Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated January 17, 2006 (Doc. No. 32), is **ADOPTED**.

3.  Defendant Randall Gene Whitefeather's Motion to Exclude Statements and Confessions (Doc. No. 21) is **DENIED**.

4.  Defendant Randall Gene Whitefeather's Motion to Suppress Evidence Obtained by Search and Seizure (Doc. No. 18) is **DENIED**.


Dated:  March 24, 2006                      s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court

**MEMORANDUM**

I.  **OBJECTION TO CONCLUSION OF THE REPORT AND RECOMMENDATION THAT DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL HAD NOT ATTACHED AS OF THE SEPTEMBER 8, 2005 INTERROGATION.**

The parties agree that charges had been brought against the Defendant under the Red Lake Tribal Code and that he had been arraigned in the Tribal Court on those charges. The objection is to whether the Defendant's Sixth Amendment right to counsel had attached as of the September 8, 2005 interrogation because of the Red Lake proceedings.

As the Report and Recommendation aptly points out, there is a dearth of authority regarding the effect that the initiation of tribal proceedings has on the attachment of Sixth Amendment rights in the federal courts. As Chief Magistrate Judge Raymond L. Erickson states in his Report and Recommendation to the Court, the courts within our circuit that have confronted this issue have held that an arraignment in tribal court may be sufficient to trigger the protection of the Sixth Amendment. *See United States v. Red Bird*, 287 F.3d 709, 713 (8th Cir. 2002) (*"Red Bird II"*); *United States v. Swift Hawk*, 125 F. Supp. 2d 384 (D.S.D. 2000). In both cases, the courts were confronted with crimes committed by members of the Rosebud Sioux Tribe, which is unique among Tribes, in that the Rosebud Sioux Tribal Constitution "guarantees the right to be represented by an attorney, and the tribe provides indigent defendants with a licensed attorney from the tribal public defender's office." *Red Bird II*, *supra*.

The Court agrees with the Report and Recommendation that the facts in *Red Bird* and *Swift Hawk* are distinguishable from the facts before the Court in *Whitefeather*. As Chief Magistrate Judge Erickson points out, there is no evidence that the Red Lake Tribe has a constitution that contains a provision for the appointment of counsel for indigent defendants, at the expense of the Tribe, similar to that of the Rosebud Sioux Tribal Constitution. Also, unlike *Red Bird*, where the Defendant "had been appointed an attorney who was licensed to serve him in both tribal and federal court," *Red Bird II*, *supra* at 714, the Defendant here was appointed a "lay advocate," as opposed to a licensed lawyer. Similarly, unlike the State, Federal, and Tribal authorities in *Red Bird*, the authorities here were not working "in tandem." Consequently, the Court agrees with the analysis of Chief Magistrate Judge Erickson, as set forth in his Report and Recommendation.

The Court concludes, based on the record before the Court, as Chief Magistrate Judge Erickson did, that the arraignment in Tribal Court did not trigger the protections of the Defendant's Sixth Amendment rights, and, therefore, the Defendant's interrogation was not in violation of any such rights. *United States v. Charley*, 396 F.3d 1074 (9th Cir. 2005).

However, even if the Court were to conclude that the Defendant's Sixth Amendment rights had attached, the Court would nonetheless conclude that the Defendant's Sixth Amendment rights had not been violated by the officers' interrogation. The Court agrees with the analysis of Chief Magistrate Judge Erickson on this issue. Proof of the charge of Child Endangerment would require proof of a specific relationship between the Defendant

and L.J., but would not require proof of a sexual act, while proof of the federal charges would require proof of a sexual act, but not any specific relationship between the Defendant and L.J. Therefore, the Defendant's Sixth Amendment rights did not attach to the federal charges prior to the officers' interview. The officers' interrogation of the Defendant did not violate his Sixth Amendment rights.

## II.  OBJECTION TO CONCLUSION OF THE REPORT AND RECOMMENDATION THAT THE INTERROGATION OF SEPTEMBER 8, 2005, WAS NOT IN VIOLATION OF DEFENDANT'S FIFTH AMENDMENT RIGHT TO COUNSEL.

The Court has reviewed the objections of the Defendant. The Court has also reviewed the record and the well-reasoned analysis of Chief Magistrate Judge Erickson. Chief Magistrate Judge Erickson's analysis is set forth in significant detail on pages 22-32. The Court agrees with the analysis. This Court also concludes that the Defendant's Fifth Amendment rights were not violated by the officers' continued questioning of the Defendant for the reasons stated in the Report and Recommendation of Chief Magistrate Judge Erickson on the pages noted above.

## III.  OBJECTION TO THE CONCLUSION OF THE REPORT AND RECOMMENDATION THAT EVIDENCE SEIZED ON THE BASIS OF THE SEARCH WARRANT NEED NOT BE SUPPRESSED.

Of course, if the Court had suppressed the statements on Fifth or Sixth Amendment grounds, the result here might well be different because those statements provide the basis for probable cause set forth in the affidavit in support of the search warrant. The search warrant was issued on September 9, 2005, for the residence of Ruby Whitefeather. The

search warrant authorized a search for bedding, linen, and clothing that might contain evidence of a sexual assault, pornographic videotapes, birth control patches, and indicia of residence for L.J. and the Defendant.  In support of the search warrant application, Officer Mark Nelson, of the Bemidji Police Department, submitted an affidavit.  The factual allegations set forth in Officer Nelson's affidavit were sufficient to provide probable cause to believe that evidence of a sexual assault would be discovered at the home of Ruby Whitefeather.  Notably, the sexual assault reported by L.J. had occurred in the house less than two weeks earlier and the Defendant had admitted to having an ongoing sexual relationship with L.J. at Ruby Whitefeather's residence.  Since the search warrant was supported by probable cause, the Court is not aware of any other facial defects in the search warrant, nor has Chief Magistrate Judge Erickson's review of the warrant or this Court's review disclosed any additional defects in the search warrant, the Court concludes, as Chief Magistrate Judge Erickson did, that the search warrant was valid.

For the reasons set forth above, the Court denies the objections of the Defendant to the Report and Recommendation filed on January 17, 2006, by Chief Magistrate Judge Raymond L. Erickson.

D.W.F.