# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-388 (DWF/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Randall Gene Whitefeather, | |
| Defendant. | |

William J. Otteson, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Randall Gene Whitefeather, *Pro Se*, Defendant.

James E. Ostgard, II, Esq., Ostgard Law Office, counsel for Defendant.

## INTRODUCTION

This matter is again before the Court on numerous *pro se* self-styled submissions, requests, and motions from the Defendant. (Doc. Nos. 93, 94, 95, 96, 97, and 98.) The submissions, requests, and motions are opposed in all respects by the United States.

## BACKGROUND

In October 2006, Defendant was tried before this Court on federal criminal charges of aggravated sexual abuse and sexual abuse of a minor. He was found guilty on both charges, and the Court imposed sentences of 468 months and 168 months, to be served concurrently. Defendant did not file a direct appeal, but in May 2008 he filed a motion

pursuant to 28 U.S.C. § 2255, claiming that he had been deprived of his constitutional right to effective assistance of counsel. On November 24, 2008, the Court entered an order, (Doc. No. 87), which denied Defendant's § 2255 motion, as well as several collateral motions.

On December 29, 2008, the Defendant filed a Notice of Appeal. (Doc. No. 89.) The Court treated the appeal as a request for a Certificate of Appealability, denying that certificate as well. *See* Order, Doc. No. 92. On April 27, 2009, the Eighth Circuit also denied the Defendant's request for a Certificate of Appealability and issued its mandate in this case on June 18, 2009.

**Current Submissions Before the Court by Defendant**

On April 27, 2009, the Defendant submitted a number of self-styled filings with the Court, as follows:

(1) "Motion in nature of your F.R.C.P. 60(b)(3)(6) and 12(b)(1)(2)(3) and (7); and Demand for the character of the Judge and Plaintiff, with findings of fact and conclusions of law in nature of your F.R.C.P., Rule 52" (Doc. No. 93);

(2) "Memorandum of Law" (Doc. No. 94, presumably submitted in support of the aforementioned motion at Doc. No. 93);

(3) "Affidavit of Denial of Corporation Existence FRCVP Rule 9(A)" (Doc. No. 95);

(4) "Notice of Administrative Remedy Points and Authorities" (Doc. No. 96);

(5) "Memorandum in Support of Private Admistrative (sic) Process AKA; Conditional Acceptance for Value for Proof of Claim (CAFV) with Notice of Admistrative (sic) Remedy Points and Authorities" (Doc. No. 97); and

(6) Exhibit # I (Doc. No. 98, containing portions of the Congressional Record from June 1948).

## DISCUSSION

The Defendant's current submissions resemble a number of recent, essentially generic, submissions by numerous *pro se* individuals, irrespective of the nature of their case, a number of which have been identified as so-called tax protestors. The Court is unaware of any court in the United States that has acknowledged the merits of any of the submissions made that are similar in nature to those of the Defendant.

The Court, to the extent that the Defendant seeks, in some degree, further review of the validity of his conviction and sentence, including a challenge to the Court's jurisdiction in this case, construes his submissions as a successive motion for relief pursuant to 28 U.S.C. § 2255. *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996).

Individuals incarcerated, like the Defendant before the Court, who have already filed an unsuccessful post-conviction motion, cannot bring a petition under a procedural rule, whether it is Rule 60(b) or some other procedural device, in order to bypass the gatekeeping requirements placed on successive habeas motions. *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002); *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Further, and respectfully stated, Defendant's allegations of purported fraud under Rule 60(b), even assuming they are predicated on an allegation of lack of jurisdiction, claims of prosecutorial misconduct, claims of judicial misconduct, no interstate nexus, and a general reference to "positive law," are without merit. Such generalized claims are frequently seen in the federal court by *pro se* federal prisoners, at least in the last few years. The assertions are without merit which explains the dearth or absence of authority for the assertions of the Defendant and other similarly situated defendants. *United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999) (district court retained subject matter jurisdiction even though crime did not take place on federally owned land).

Moreover, § 3231 clearly vests jurisdiction in the federal district courts "over all offenses against the laws of the United States." *United States v. Rosnow*, 977 F.2d 399, 412-13 (8th Cir. 1992); *United States v. Drefke*, 707 F.2d 978, 980-81 (8th Cir. 1983); *Camp v. United States*, 587 F.2d 397, 399 (8th Cir.1978).

The federal district court has exclusive jurisdiction over federal crimes. *United States v. Schiefen*, 139 F.3d 638, 639 (8th Cir. 1998).

Recently, in *United States v. Schultz*, 2007 WL 2872387 (D. Minn. Sept. 26, 2007), the defendant raised a similar argument that Defendant has raised here. That is to say, the United States and this Court are without jurisdiction because 18 U.S.C. § 3231 was never enacted into "positive law" and is therefore unconstitutional. In the words of Judge James R. Rosenbaum, "[t]his is one of the jailhouse lawyers' arguments *du jour*. It has never been accepted, and will not be accepted here." This Court is of the same view.

4

In fact, the Court knows of no presiding United States District Court Judge who has accepted such an argument.

The Defendant has also asserted to this Court that the indictment is invalid because the United States failed to establish any interstate nexus. As observed by the United States in its responsive brief, no interstate nexus is required to establish the Defendant's commission of violent sex offenses when they occur in Indian Country. Congress's authority to enact the laws of which Defendant was convicted do not emanate from its Commerce Clause powers. *Villanueva v. United States*, 2009 WL 1867742 (E.D. Wis. June 26, 2009).

This case has again been given careful scrutiny by the Court. The procedural history of the case shows that numerous orders have been entered by this Court:

| **Date Filed** | **Docket Number** |
| --- | --- |
| March 3, 2006 | Doc. No. 40 |
| March 24, 2006 | Doc. No. 41 |
| April 4, 2006 | Doc. No. 43 |
| October 18, 2006 | Doc. No. 58 |
| January 24, 2007 | Doc. No. 60 |
| April 23, 2007 | Doc. No. 67 |
| May 27, 2008 | Doc. No. 71 |
| July 8, 2008 | Oral Order |
| August 26, 2008 | Doc. No. 83 |
| November 24, 2008 | Doc. No. 87 |
| January 9, 2009 | Doc. No. 92 |

one of which was a 17-page order filed on November 24, 2008.

Based upon the submissions of the parties, including the numerous submissions of the Defendant; the Court having reviewed the procedural history of this case so as to establish the context of the submissions of the Defendant whether they are viewed as formal or informal requests or motions; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The self-styled requests, submissions, and motions of Defendant Randall Gene Whitefeather (Doc. Nos. 93, 94, 95, 96, 97, and 98) are respectfully **DENIED**.

Dated: September 2, 2009           s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge