# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-0388(DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Randall Gene Whitefeather, | |
| Defendant. | |

## INTRODUCTION

This matter is again before the Court on Defendant Randall Gene Whitefeather's ("Defendant") numerous *pro se* self-styled motions and requests (Doc. Nos. 106, 108, 110, 111, 119, and 121) and Plaintiff United States of America's (the "Government") motions to dismiss Defendant's filings (Doc. Nos. 118, 123).[1] For the reasons set forth below, the Court respectfully denies Defendant's motions and requests and grants the Government's motions.

---

[1] In lieu of responding to Defendant's motions, the Government filed two separate motions to dismiss Defendant's filings. (*See* Doc Nos. 118, 123.) The Court construes the Government's filings as both responses and motions. The Court also received and considered Defendant's subsequent filings (Doc. Nos. 120, 124), which it construes as responses and replies. In short, the Court finds these matters fully briefed.

## BACKGROUND

In October 2006, Defendant was tried before this Court on federal criminal charges of aggravated sexual abuse and sexual abuse of a minor.[2] (Doc. Nos. 50-53.) The Court found Defendant guilty of both charges. (Doc. No. 58 ("Conviction").) The Court specifically found that:

> On September 7, 2005, Defendant admitted that he had been engaged in a sexual relationship with the minor child, L.L.J., for 2 years and 8 months. If the Court goes back 2 years and 8 months from September 7, 2005, that creates an approximate time period from which sexual relations, including sexual intercourse between Defendant's penis and the minor child's vagina occurred from the time period of on or around February or March 2003, if not earlier, at which time L.L.J. would have been between 10 and 11 years old, L.L.J. turning 11 on June 23, 2003, and 12 on June 23, 2004. In other words, the Court finds that Defendant, in his statement to law enforcement authorities on September 7, 2005, acknowledged sexual relations with L.L.J. at least in early 2003, at a time when L.L.J. was 10 and soon to be 11. Because L.L.J. did not turn 12 until June 23, 2004, there was a period of at least 15 to 16 months of sexual contact between Defendant and L.L.J. during which L.L.J. had not attained the age of 12 years.

(*Id.* at 6 ¶ 8.) The Court also found that Defendant is an enrolled member of the Red Lake Band of Chippewa Indians at and that the assault occurred within the exterior boundaries of the Red Lake Indian Reservation. (*Id.* at 7 ¶¶ 10-11; 8-9 ¶13; 13 ¶¶ 1-2.) The Court imposed sentences of 468 months and 168 months, to be served concurrently. (Doc. No. 67 at 2.) The Court also imposed a lifetime term of supervised release, as allowed under 18 U.S.C. § 3583(k). (*Id.* at 3.)

---

[2] The matter was tried as a bench trial.

Since 2006, the Defendant has filed numerous self-styled postconviction motions, submissions, and requests  (*See, e.g.*, Doc. Nos. 61, 68-70, 77-82, 88-89, 91, 93-94, 97, 106, 108, 110-11, 119, 121.)  In May 2008, Defendant filed a motion pursuant to 28 U.S.C. § 2255, claiming that he had been deprived of his constitutional right to effective assistance of counsel.[3]  (Doc. No. 68.)  The Court denied Defendant's § 2255 motion on November 24, 2008.[4]  (Doc. No. 87.)  Defendant filed a Notice of Appeal on December 29, 2008.  (Doc. No. 89.)  The Court treated the appeal as a request for a Certificate of Appealability and denied it on January 9, 2009.  (*See* Doc. No. 92.)  On April 27, 2009, the Eighth Circuit also denied the Defendant's request for a Certificate of Appealability.[5]  (Doc. No. 99.)

In April 2009, Defendant submitted a number of self-styled filings seeking further review of the validity of his conviction, including another challenge to the Court's jurisdiction in this case.  (*See* Doc. Nos. 93-98.)  The Court denied Defendant's requests, submissions, and motions in their entirety.  (Doc. No. 103.)

In June 2010, Defendant filed an application with the Eighth Circuit seeking authorization to file a second or successive § 2255 petition.  *See Whitefeather v. United*

---

[3]    This included a jurisdictional claim that Defendant's counsel failed to challenge his confession to State officials when it was obtained on the Red Lake Indian Reservation and Defendant was an enrolled member of the Red Lake Band of Chippewa Indians. (Doc. No. 68.)

[4]    The Court also denied several collateral motions in the same order.  (*See* Doc. No. 87.)

[5]    The Eighth Circuit issued a Mandate on June 18, 2009.  (Doc. No. 100).

*States*, No. 10-2216 (8th Cir. June 2, 2010) (Entry ID: 4438187).  Defendant challenged the jurisdiction of his confession to State authorities about a crime committed on the Red Lake Reservation when he was an enrolled member of the Red Lake Band of Chippewa Indians.[6]  *Id.*  The Eighth Circuit denied Defendant's request on August 3, 2010.  *Whitefeather v. United States*, No. 10-2216 (8th Cir. August 3, 2010) (Entry ID: 3689931).

In August 2016, Defendant filed a second application for authorization to file a successive § 2255 motion.  *Whitefeather v. United States*, No. 16-3381 (8th Cir. Aug. 16, 2016) (Entry ID: 4438187).  Reversing his position as to the location of the crime, Defendant argued that the Government failed to prove that his criminal acts took place on the Red Lake Reservation.  (*Id.*)  Defendant asserted that this argument was not time-barred because it concerned the Court's subject-matter jurisdiction.  *Id.* at 5-8, 28-30.  The Eighth Circuit denied his successive § 2255 application again on May 1, 2017.  *Whitefeather v. United States*, No. 16-3381 (8th Cir. May 1, 2017) (Entry ID: 4530663).

Defendant has now filed three additional motions challenging the basis of his conviction or sentencing.  (Doc. Nos. 106, 108, 121 (collectively, "Motions").)  Specifically, on December 16, 2019, Defendant filed a motion challenging the federal government's jurisdiction over this matter on the grounds that the sexual abuse occurred

---

[6]   Specifically, Defendant challenged the State's jurisdiction to obtain his statement when they allegedly entered Red Lake Reservation without permission.  The Government opposed Defendant's request, arguing that it was nothing more than a request for reconsideration of the jurisdiction claim Defendant unsuccessfully asserted in his initial § 2255 petition.

4

in Bemidji, Minnesota, rather than on the Red Lake Indian Reservation.[7]  (Doc. No. 106 ("Motion 1") at 2, 4.)  On December 26, 2019, Defendant filed a motion for resentencing on the grounds that the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019) invalidated a portion of 18 U.S.C. § 3583(k), under which he was sentenced to a lifetime of supervised release.[8]  (*See generally*, Doc. No. 108 ("Motion 2").)  On April 13, 2020, Defendant filed a motion challenging his conviction on the grounds that the Government failed to prove that he was an enrolled member of the Red Lake Band of Chippewa Indians and therefore lacked jurisdiction over the matter.  (*See generally*, Doc. No. 121 ("Motion 3").)

Because each of Defendant's Motions seeks review of the validity of his conviction and sentence, the Court construes each submission as a successive motion for relief pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255.

---

[7]  Defendant appears to have recycled the argument he made to the Eighth Circuit with respect to his 2016 application for authorization to file a successive § 2255 motion.

[8]  In *Haymond*, United States Supreme Court held that the second portion of § 3583(k), which imposed a mandatory minimum five-year sentence on defendants who violated the terms of their supervised release, was unconstitutional.  139 S. Ct. at 2384-2385.  Because Defendant will not begin his period of supervised release until 2039, *Haymond* does not affect his sentence.  Moreover, the Court is hopeful that Defendant will not violate the terms of his supervised release, thereby making the *Haymond* decision irrelevant.  As discussed below, Defendant's motion is procedurally barred.  Even if the Court were to consider this motion on the merits, though, the Court finds no basis to resentence Defendant—under *Haymond*, or for any other reason.

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner "may move the court which imposed [his] sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

*Id.* If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). After filing an initial § 2255 action:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Without appellate authorization, the district court lacks jurisdiction to consider a successive habeas motion. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

The Government argues that because Defendant previously filed a § 2255 motion that was denied, and because Defendant has not obtained the required authorization from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion, his

6

Motions should be dismissed because this Court lacks jurisdiction to consider them. (Doc. No. 118 at 1, 6-8; Doc. No. 123 at 2-3.)  The Court agrees.

Because Defendant has failed to obtain the required authorization from the Eighth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider the Motions currently before it.[9]  *Burton*, 549 U.S. at 153.  To the extent that Defendant attempts to construe his Motions as something other than § 2255 actions, the Court observes that two of his arguments are similar to those he made in previous § 2255 filings.  Moreover, all three clearly challenge the Court's jurisdiction or Constitutionality of Defendant's conviction or sentence.[10]  Accordingly, the Court respectfully denies Defendant's Motions because they are procedurally barred.

Even if the Court were to consider Defendant's Motions on the merits, though, the Court finds that they still fail.  Specifically, the Court finds that Motion 1 and Motion 3 fail because the allegations are contradicted by the Court's findings of fact and conclusions of law at trial-namely, that Defendant is an enrolled member of the Red Lake Band of Chippewa Indians and that the assault occurred within the exterior boundaries of

---

[9]    Based on Defendant's 2010 and 2016 attempts to obtain the required authorization, the record reflects that Defendant is familiar with this requirement.

[10]   Even if there was room to concede that Defendant's motions are anything other than requests for relief pursuant to § 2255, the Eighth Circuit has consistently held that defendants "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd v. United States*, 304 F.3d 813, 824 (8th Cir. 2002).

the Red Lake Indian Reservation.  (Conviction at 7 ¶¶ 10-11; 8-9 ¶13; 13 ¶¶ 1-2.).

Moreover, as discussed above, the Court finds that Motion 2 fails because the *Haymond*

decision has no impact on Defendant's sentence when he has not yet begun his period of

supervised release and when he has not violated the terms of that release.  *See Haymond*,

139 S. Ct. at 2384-2385.

Defendant also filed several motions for default judgment.  (Doc. Nos. 110, 111,

119.)  While the Government was initially slow to respond/file one of its motion, the

Government sought and was granted permission for its late file.[11]  (*See* Doc. Nos. 112,

115, 116, 117.)  Moreover, the Court finds that Defendant was not prejudiced by the

delay.  Accordingly, the Court respectfully denies Defendant's motions for default

judgment.

## CONCLUSION

For the reasons set forth above, the Court respectfully denies Defendant's Motions

and motions for default judgment.  In short, the Court finds that because Defendant has

failed to obtain the required authorization from the Eighth Circuit to file a second or

successive § 2255 motion, this Court lacks jurisdiction to consider the Motions currently

before it.  Notwithstanding, the Court finds that even if it were to consider Defendant's

Motions, they also fail on the merits.  Finally, the Court finds that Defendant's motions

---

[11]   Ultimately, the Government timely filed in accordance with the Court's extended deadline.  (*See* Doc. Nos. 117, 118.)

for default judgment fail because the Government ultimately complied with the Court's extended deadlines and because Defendant did not suffer prejudice from the delay.

## ORDER

Based upon the submissions of the parties, including the numerous submissions of the Defendant; the Court having reviewed the procedural history of this case so as to establish the context of the submissions of the Defendant whether they are viewed as formal or informal requests or motions; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

1. Defendant Randall Gene Whitefeather's various self-styled motions and requests (Doc. Nos. [106], [108], [110], [111], [119], and [121]) are respectfully **DENIED**; and

2. The Government's motions to dismiss Defendant's filings (Doc. Nos. [118], [123]) are **GRANTED**.

Date:  July 23, 2020                                   s/Donovan W. Frank
                                                                  DONOVAN W. FRANK
                                                                  United States District Judge