# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-388 (DWF) |
| Plaintiff, | |
| v. | **ORDER** |
| Randall Gene Whitefeather, | |
| Defendant. | |

This matter is before the Court on Defendant Randall Gene Whitefeather's ("Defendant") *pro se* motion for reconsideration (Doc. No. 126 ("Reconsideration")) of the Court's July 23, 2020 Order (Doc. No. 125 ("July 2020 Denial")) denying his various self-styled motions and requests (Doc. Nos. 106, 108, 110, 111, 119, and 121). For the reasons discussed below, the Court respectfully declines to reconsider its July 2020 Denial.

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's Denial and is incorporated by reference here. (*See* July 2020 Denial.) The Court notes particular facts relevant to this Order below.[1] In short, Defendant was convicted of federal criminal charges of aggravated sexual abuse and sexual abuse of a minor in October 2006.[2] (Doc. Nos. 50-53). The Court imposed sentences of 468 months and 168 months, to be served concurrently. (Doc. No. 67 at 2.) The Court also

---

[1]  The Court also supplements the facts as needed.

[2]  The matter was tried as a bench trial.

imposed a lifetime term of supervised release, as allowed under 18 U.S.C. § 3583(k).  (*Id.* at 3.)

Defendant did not directly appeal his conviction; however, since 2006, he has filed numerous self-styled postconviction motions, submissions, and requests, including motions under 18 U.S.C. § 2255.[3]  (*See, e.g.*, Doc. Nos. 61, 68-70, 77-82, 88-89, 91, 93-94, 97, 106, 108, 110-11, 119, 121.)  The Court's July 2020 Denial addressed three

---

[3]     In May 2008, Defendant filed a § 2255 motion claiming that he had been deprived of his constitutional right to effective assistance of counsel including a jurisdictional claim that Defendant's counsel failed to challenge his confession to State officials when it was obtained on the Red Lake Indian Reservation and Defendant was an enrolled member of the Red Lake Band of Chippewa Indians.  (Doc. No. 68.)  The Court denied Defendant's § 2255 motion on November 24, 2008.  (Doc. No. 87.)  When Defendant appealed the Court's decision (Doc. No. 89), the Court treated it as a request for a Certificate of Appealability and denied it on January 9, 2009 (*see* Doc. No. 92).  The Eighth Circuit affirmed the denial in April 2009.  (Doc. No. 99.)

In June 2010, Defendant filed an application with the Eighth Circuit seeking authorization to file a second or successive § 2255 petition.  *See Whitefeather v. United States*, No. 10-2216 (8th Cir. June 2, 2010) (Entry ID: 4438187).  Defendant challenged the jurisdiction of his confession to State authorities about a crime committed on the Red Lake Reservation when he was an enrolled member of the Red Lake Band of Chippewa Indians.[3]  *Id.*  The Eighth Circuit denied Defendant's request on August 3, 2010.  *Whitefeather v. United States*, No. 10-2216 (8th Cir. August 3, 2010) (Entry ID: 3689931).

In August 2016, Defendant filed a second application for authorization to file a successive § 2255 motion.  *Whitefeather v. United States*, No. 16-3381 (8th Cir. Aug. 16, 2016) (Entry ID: 4438187).  Reversing his position as to the location of the crime, Defendant argued that the Government failed to prove that his criminal acts took place on the Red Lake Reservation.  (*Id.*)  Defendant asserted that this argument was not time-barred because it concerned the Court's subject-matter jurisdiction.  *Id.* at 5-8, 28-30.  The Eighth Circuit denied his successive § 2255 application again on May 1, 2017.  *Whitefeather v. United States*, No. 16-3381 (8th Cir. May 1, 2017) (Entry ID: 4530663).

2

motions once again challenging the basis of Defendant's conviction and sentencing. (Doc. Nos. 106, 108, 121 (collectively, "Motions").)

Specifically, on December 16, 2019, Defendant filed a motion challenging the federal government's jurisdiction over this matter on the grounds that the sexual abuse occurred in Bemidji, Minnesota, rather than on the Red Lake Indian Reservation.[4] (Doc. No. 106 ("Motion 1") at 2, 4.) On December 26, 2019, Defendant filed a motion for resentencing on the grounds that the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019) invalidated a portion of 18 U.S.C. § 3583(k), under which he was sentenced to a lifetime of supervised release. (*See generally* Doc. No. 108 ("Motion 2").) On April 13, 2020, Defendant filed a motion challenging his conviction on the grounds that the Government failed to prove that he was an enrolled member of the Red Lake Band of Chippewa Indians and therefore lacked jurisdiction over the matter. (*See generally* Doc. No. 121 ("Motion 3").)

The Court construed the submissions as successive motions for relief pursuant to 28 U.S.C. § 2255 because each sought to review the validity of Defendant's conviction and sentence. (July 2020 Denial at 5 (citing 28 U.S.C. § 2255).) The Court found that because Defendant failed to obtain the required authorization from the Eighth Circuit to file a second or successive § 2255 motion, it lacked jurisdiction to consider Defendant's Motions. (*Id.* at 7.)

---

[4] The July 2020 Denial noted that it appeared Defendant had recycled the argument he made to the Eighth Circuit with respect to his 2016 application for authorization to file a successive § 2255 motion. (July 2020 Denial at 5 n.7.)

The Court also stated that even if it were to consider Defendant's Motions on the merits, they would still fail. (*Id.*) Specifically, the Court found that Motion 1 and Motion 3 failed because the allegations were contradicted by the Court's findings of fact and conclusions of law at trial—namely, that Defendant was an enrolled member of the Red Lake Band of Chippewa Indians and that the assault occurred within the exterior boundaries of the Red Lake Indian Reservation. (*Id.* at 7-8 (citing Doc. No. 58 at 7 ¶¶ 10-11; 8-9 ¶13; 13 ¶¶ 1-2).) Moreover, the Court found that Motion 2 failed because the *Haymond* decision had no impact on Defendant's sentence when he had not yet begun his period of supervised release and when he has not violated the terms of that release. (*Id.* at 8 (citing *Haymond*, 139 S. Ct. at 2384-2385).)

Defendant now moves for reconsideration of the Court's July 2020 Denial with respect to Motions 1 and 3 on the grounds that the Court failed to consider his argument that challenges to jurisdiction may be raised at any time. (*See generally* Reconsideration.) The Court construes his motion as a request for relief from a judgment or order under Federal Rule of Civil Procedure 60(b).[5] *See* Fed. R. Civ. Pro. 60(b)(1),(6).

A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.,* 838 F. Supp. 1346, 1348 (D. Minn. 1993). The

---

[5]  To prevail on a Rule 60(b) motion, a movant must establish exceptional circumstances as would justify the granting of extraordinary relief. *United States v. One Parcel of Property Located at Tracts 10 and 11 of Lakeview Heights*, 51 F.3d 117, 119 (8th Cir. 1995).

4

Court understands that Defendant disagrees with its findings.  Notwithstanding, the Court finds that Defendant does not provide additional evidence or information that alters the Court's original analysis.

To be sure, the Court may hear a claim that an indictment or information fails to invoke the court's jurisdiction or to state an offense "at any time while the case is pending."  Fed. R. Crim. P. 12(b)(3)(B).  After a final judgment is entered though, and a defendant does not file a direct appeal, the proceeding is no longer pending.  *See United States v. Wolff*, 241 F.3d 1055, 1057 (8th Cir. 2001).  At that point, a motion challenging the district court's jurisdiction is properly pursued as a motion for relief under 28 U.S.C. § 2255.  *Id.* at 1056; *see also United States v. Garcia*, Cr. No. 3:05-57-02, 2017 WL 10978936, at *1 (D.N.D. July 19, 2017).  Here, Defendant's proceeding was no longer pending; therefore, his Motions were properly construed as successive motions for relief § § 2255.[6]

Further, the July 2020 Denial clearly stated that even if the Court did consider Defendant's Motions on the merits, they still failed because his jurisdictional arguments were contradicted by the Court's findings of fact and conclusions of law at trial.  (July 2020 Denial at 7.)

---

[6] The Court observed that "[e]ven if there was room to concede that Defendant's motions [were] anything other than requests for relief pursuant to § 2255, the Eighth Circuit has consistently held that defendants "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." (July 2020 Denial at 7 n.10 (citing *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd v. United States*, 304 F.3d 813, 824 (8th Cir. 2002)).)

5

Therefore, having fully considered Defendant's submission, the Court concludes that he has failed to demonstrate the "extraordinary circumstances" necessary to warrant any basis for the Court to reconsider its July 2020 Denial. Accordingly, the Court respectfully denies his motion.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Randall Gene Whitefeather's *pro se* Motion for Reconsideration (Doc. No. [126]) of the Court's July 23, 2020 Order (Doc. No. [125]) is respectfully **DENIED**.

Date:  August 28, 2020            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge